## THE CONSOLIDATED COAL COMPANY OF ST. LOUIS
### v.
## THE BLOCK AND HARTMANN SMELTING COMPANY.

*Sales—Failure to Deliver—Waiver—Construction of Contract.*

In the case presented it is *held:* That a provision in a contract to furnish coal, that if the seller fails to furnish it the buyer may purchase elsewhere, is not a waiver of the seller's liability in damages for such failure.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. GEO. W. WALL, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Mr. W. C. KUEFFNER, for appellee.

GREEN, J.    This was an action of assumpsit brought by appellee against appellant to recover damages accruing by reason of the failure by the latter to deliver coal to appellee during the month of March, 1889, as required by the terms of a written contract between the parties.    A jury was waived, the cause was tried by the court, a finding and judgment for plaintiff for $337.28 damages and costs of suit resulted, and defendant took this appeal.

On behalf of appellant, it is contended that " the judgment was excessive."    That the notice given appellant by the appellee to deliver coal during the month of March " was not such a one as the contract required."    That before giving such notice, appellee had violated and broken the contract, and hence appellant was not bound to deliver the coal called for by the notice.    And, lastly, that the provision in said contract, " In case of inability of said party of the first part to fulfill its obligations in accordance with this agreement, said party of the second part shall have the right to buy coal from wherever or from whomever it may choose," was a waiver of damages in such case, for a failure by appellant to furnish coal as required by the terms of the contract.    In other words, the only penalty contemplated by the parties for such breach of contract was appellant's loss of profit upon the coal purchased by appellee from other parties.    This is not our construction. The clause above quoted follows immediately after this clause of said contract:    " It being understood and agreed that said first party will not be required to furnish coal under this agreement, during any portion of time when prevented by general strike or strikes, or other causes beyond its control, from handling the product of its mines," and should be construed in connection with it in order to ascertain the real intent and understanding of the parties.    Adopting this method we reach the correct conclusion that appellant should be absolved from liability for such breach for inability to fulfill

its obligations occasioned by the causes named, and none other, viz., *general strike or strikes or other causes beyond its control,* and unless these causes, or one of them, prevented, appellant was bound to furnish the coal as it had agreed to, or to respond in damages for its default.

After a thorough examination of the record, and a careful consideration of all the reasons urged for reversal in the printed argument on behalf of appellant, we are satisfied the damages assessed were not excessive, and the notice to deliver coal was not defective, but was such an one as the contract required. The breach of the contract by appellant was proved as averred, and appellee did not break its contract or forfeit its right to recover by its purchases of coal from other parties under the facts proven. Nor was appellant prevented from delivering the coal, as required, by any of the causes above mentioned, and hence was not absolved from liability for such breach. In our opinion the finding and judgment of the Circuit Court is fully sustained by the evidence, and we perceive no reason for reversing the same.

The judgment is affirmed.

*Judgment affirmed.*